IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH T. PICKERING,<br><br>   Plaintiff,<br><br>v.<br><br>TELADOC HEALTH INC.,<br><br>   Defendant. | Civil Action No. 1:24-cv-445-RGA |

MEMORANDUM ORDER

Before me are Defendant's objections to a Report and Recommendation. Defendant, Teladoc Health, filed a Motion to Dismiss. (D.I. 28). The motion was briefed. (D.I. 29, 30, 31). I referred it to a Magistrate Judge. The Magistrate Judge issued a Report and Recommendation. (D.I. 33). Defendant objected. (D.I. 34). Plaintiff responded. (D.I. 35). The Report and Recommendation recommended I deny the motion as to Counts I and III and grant it with prejudice as to Count II. (D.I. 33 at 15). For the reasons set forth below, the Report and Recommendation (D.I. 33) is ADOPTED and Defendant's motion to dismiss (D.I. 28) is DENIED as to Counts I and III and GRANTED with prejudice as to Count II.

The objections are narrow. They are that Counts I and III do not state a claim because the factual allegations do not make it plausible that Plaintiff "engaged in a protected whistleblowing activity" under Delaware law (D.I. 34 at 4) or that Plaintiff disclosed an activity or practice that he "reasonably believe[d] pose[d] a substantial and specific danger to public health or safety" under New York law (*Id.* at 6).

1

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

Count I of Plaintiff's operative complaint purports to state a claim under the Delaware Whistleblowers' Protection Act ("DWPA"). Thus, Plaintiff must allege, among other things, that he "engaged in a protected whistleblowing activity." *Doe v. New Castle Cnty.*, 2022 WL 1909394, at *6 (D. Del. June 3, 2022) (quoting *Chance v. Kraft Heinz Foods Co.*, 2018 WL 6655670, at *10 (Del. Super. Ct. Dec. 17, 2018)), *aff'd*, 2024 WL 4719143 (3d Cir. Nov. 8, 2024).

Defendant argues that Plaintiff's DWPA claim fails because he has not pleaded facts plausibly showing that he engaged in statutorily protected activity. (D.I. 34 at 3). Under the DWPA:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment . . .
>
> (1) Because the employee, or a person acting on behalf of the employee, reports or is about to report to a public body, verbally or in writing, a violation which the employee knows or reasonably believes has occurred or is about to occur, unless the employee knows or has reason to know that the report is false.

19 Del C. § 1703(1).

The DWPA defines a violation in relevant part as:

> (6) "Violation" means an act or omission by an employer, or an agent thereof, that is:
>     a. Materially inconsistent with, and a serious deviation from, standards implemented pursuant to a law, rule, or regulation promulgated under the laws of this State, a political subdivision of this State, or the United States, to protect employees or other persons from health, safety, or environmental hazards while on the employer's premises or elsewhere[.]

19 Del. C. § 1702(6)a.

First, Defendant cites to the Delaware Superior Court's decision in *Hayman v. City of Wilmington* for the proposition that the DWPA only covers whistleblowing relating to violations concerning "(1) workplace or environmental safety standards; (2) financial management or accounting standards; or (3) campaign finances." *Hayman v. City of Wilmington*, 2020 WL 6342604, at *4 (Del. Super. Ct. Oct. 29, 2020). *Hayman*, however, involved the "financial management" portion of the statute and was not purporting to analyze § 1702(6)a. The statute explicitly states that violations can entail acts or omissions that are materially inconsistent with standards promulgated "to protect employees or other persons from *health*, safety, or environmental hazards while on the employer's premises or elsewhere[.]" 19 Del. C. § 1702(6)a (emphasis added). The Magistrate Judge correctly found that the Operational Risk Assessment ("ORA") that Plaintiff was requested to write did relate to health or safety issues of the sort protected under the DWPA. (D.I. 33 at 8). Specifically, viewing the pleaded allegations in the light most favorable to Plaintiff, I find that the amended complaint plausibly pleads a claim that the ORA relates to subjects protected by the DWPA insofar as it alleges Defendant's "lack of proper credentialing and credential management of therapists." (D.I. 27 at ¶ 20).

Second, Defendant claims that Plaintiff fails to allege facts supporting the reasonableness of his belief that the ORA was required by the Federal Trade Commission ("FTC"). (D.I. 34 at 5). I disagree. Plaintiff states in the First Amended Complaint that Emily Gunner, who was BetterHelp's[1] Privacy and Compliance Lead and was heading the remediation response to a prior FTC investigation, informed Plaintiff in a conference call around July 2022 that his ORA would be provided to the FTC. (D.I. 27 at ¶ 16). Gunner subsequently sent Plaintiff an email which further confirmed that the ORA would be provided to the FTC. (*Id.* at ¶ 17). These pleadings are

---

[1] BetterHelp is a subsidiary of Defendant Teladoc. (D.I. 27 at ¶ 15).

3

sufficient for me, construing them in the light most favorable to Plaintiff, to find that Plaintiff had a reasonable belief that his ORA was required by and would be sent to the FTC.

Finally, Defendant argues that Plaintiff "offers no factual detail to explain *how* the ORA is connected to any [] health and safety issues." (D.I. 34 at 5). I disagree with this argument. In ruling on a motion to dismiss, I am to draw "reasonable inferences" from Plaintiff's pleadings. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 237 (3d Cir. 2008). Plaintiff's ORA discussed BetterHelp's "lack of proper credentialing and credential management of therapists." (D.I. 27 at ¶ 22). After drawing reasonable inferences from Plaintiff's allegations, I find that Plaintiff's pleading that these categories of information were in the ORA is itself adequate to support a finding that the ORA discussed health and safety issues. The inability to properly manage the credentialing of therapists certainly relates to health and safety issues. I therefore find that Count I has been adequately pleaded.

As to Count III, Defendant argues that Plaintiff's New York Whistleblower Protection Act ("NYWPA") claim fails, because Plaintiff failed to assert a purported "danger to the public health or safety" caused by Defendant that was both "substantial and specific." (D.I. 34 at 7). Under the NYWPA:

> 2. An employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because an employee does any of the following:
>
> (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety [or]. . .
>
> (c) objects to, or refuses to participate in any such activity, policy or practice.

N.Y. Lab. L. § 740(2)(a), (c).

4

I need not address this argument, however, because even if Plaintiff has failed to plead that Defendant's activity, policy, or practice posed a substantial and specific danger to the public health or safety, Plaintiff adequately pleads that he "was terminated for refusing to falsify records to the FTC, in violation of 18 U.S.C. § 1001."[2] (D.I. 27 at ¶ 31). The NYWPA forbids an employer from retaliating against any employee who discloses "an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation" *as well as* any employee who "refuses to participate in any such [unlawful] activity, policy or practice." N.Y. Lab. L. § 7420(2)(a), (c). As I noted earlier, Plaintiff adequately pleads facts supporting his reasonable belief that the ORA was to be submitted to the FTC. (D.I. 27 at ¶¶ 16-17). He pleads that he refused "to falsify a record that [he reasonably understood] was supposed to be presented to the FTC." (*Id.* at ¶ 26). As such, Plaintiff pleads facts showing that he engaged in statutorily protected activity under the NYWPA.

Neither party objects to the Magistrate Judge's other two findings: namely, that Count II should be denied with prejudice and that Defendant's Motion to Dismiss Count III under Rule 12(b)(1) be denied. I have reviewed the Magistrate Judge's Report and Recommendation and will adopt this recommendation.

---

[2] The relevant portion of 18 U.S.C. § 1001 reads:
> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years or... both.

Therefore, I ADOPT the Report and Recommendation (D.I. 33) as to all Counts. Defendant's Motion to Dismiss (D.I. 28) is GRANTED in part and DENIED in part. Count II of the First Amended Complaint (D.I. 27) is DISMISSED with prejudice.

IT IS SO ORDERED.

Entered this 13th day of November, 2025.

_____
United States District Judge